IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JURY TRIAL DEMANDED

NANCY PALILONIS,

    Plaintiff,

    v.

PALM BEACH COUNTY
DEPARTMENT OF ECONOMIC SUSTAINABILITY,
PALM BEACH COUNTY ADMINSTRATION AND
THE BOARD OF PALM BEACH COUNTY COMMISSIONERS,
PALM BEACH COUNTY a political subdivision of the State of Florida

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Nancy Palilonis (hereinafter "Plaintiff"), by and through her undersigned attorney, and sues the Defendant, Palm Beach County, et al. (hereinafter "Defendant") and states as follows:

### NATURE OF THIS ACTION

1.    Plaintiff is an employee of the Defendant, and brings this action for sex/gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1994, as amended, (hereinafter referred to as "Title VII").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. 1331 because the action arises under the laws of the United States.

3.     Defendant's wrongful conduct and the events giving rise to the claims alleged herein, took place in Palm Beach County, State of Florida.

## PARTIES

4.     Plaintiff, Ms. Palilonis, is a citizen of the United States and a resident of Palm Beach County, Florida.

5.     Upon information and belief, at all times relevant to this action, Defendant, is a political subdivision of the State of Florida residing in West Palm Beach and subject to the suit.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.     On or about November 9, 2013, Plaintiff filed timely charges of discrimination, harassment and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC"), a copy of which is attached hereto as Exhibit "A." On or about January 22, 2016, the EEOC issued a Notice of Right to Sue, a copy of which is attached hereto as Exhibit "B." On or about January 28, 2016, Plaintiff received the Notice of Right to Sue by certified mail. This action is commenced within ninety (90) days of receipt of the notice of right to sue conferring jurisdiction on this Court. Therefore, Plaintiff has exhausted all his administrative remedies.

## COUNT I

Sex/Gender Discrimination

**(Violation of Title VII of the Civil Rights Act of 1994, as amended, 42 U.S.C. §2000e)**

7.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 6 of this Complaint.

8.     At all times material hereto, Defendant is a covered employer under Title VII.

2

9. At all times material hereto, Plaintiff was a covered employee of Defendant under Title VII.

10. At all times material hereto, Mr. Charles (Bud) Cheney, Manager of Capital Improvements Real Estate Inspection Services, was acting within the course and scope of his employment with Defendant.

11. Plaintiff has worked for the Defendant for over four (4) years. Plaintiff has worked for the Defendant as Community Development Project Coordinator with an exemplary record.

12. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant.

13. Defendant violated Title VII by discriminating against Plaintiff because of her sex/gender.

14. Since March, 2013, Defendant engaged in unlawful employment practices based on sex/gender violations under Title VII by subjecting Plaintiff and Lynette Scraper (hereinafter Ms. Scraper"), the only other female Community Development Project Coordinator in the Department, to near-daily offensive charged comments and regular harassment.

15. This gender discrimination was committed by Defendant's Manager of Capital Improvements Real Estate Inspection Services, Mr. Charles (Bud) Cheney (hereinafter "Mr. Cheney"), who's behavior was condoned and rewarded by Defendant.

16. Plaintiff alleges that Defendant's agent unlawful discrimination against her included, but is not limited to, subjecting her to discrimination and harassment based on her sex/gender by treating her and the other female employee, in a demeaning manner (unwelcome intimidation, ridicule, insult, comments and physical conduct based on their protective group), discouraging them from speaking, subjecting them to ostracizing, belittling and antagonistic work environment before and after their complaints to Management, Human Resources and/or EEOC, denying them of promotional opportunities by limiting and depriving them of job meetings, assignments and information that would lead to career advancement, shaming them during staff meetings, sabotaging their duties, professional reputation and performance, assigning them less desirable terms and conditions of employment, assigning them an unmanageable workload, denying them the training and information needed to perform the work duties, providing only the male Project Coordinators with work perks (leaves, flexible work schedules, lunch invites, trainings, etc.), stalking them on a daily basis, among others.

17. The effect of the practices complained of in Paragraphs 13-16 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/gender characteristics and traits.

18. The unlawful employment practices complained of in Paragraphs 13-16 above were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

19. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

20. WHEREFORE, Plaintiff prays this Court enters an order against Defendant for:

4

  i.  lost wages/back pay;

  ii.  payment of front pay;

  iii.  payment for lost benefits, including, medical insurance;

  iv.  compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, physical personal injuries and humiliation, in an amount to be determined at trial;

  v.  prejudgment interest;

  vi.  costs and reasonable attorney's fees pursuant to 42 U.S.C.A. 2000e-5(k);

  vi.  any other relief that the court deems appropriate.

COUNT II

Sex/Gender Hostile Work Environment

**(Violation of Title VII of the Civil Rights Act of 1994, as amended, 42 U.S.C. §2000e)**

21. Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 16 of this Complaint.

22. Plaintiff was subjected by Mr. Cheney to a relentless campaign of insults, comments about her, false accusations and threats, among others, at least once a week and often several times a day for a period of over three (3) years.  The hostile work environment created by Defendant (Mr. Cheney) against Plaintiff included, but is not limited to, ignoring and avoiding eye contact with her, prohibiting her from asking questions during meetings, asking questions

about her to other employees, always responding to her questions in a sarcastic and rude and/or cold manner, intentionally not inviting/notifying her of meetings, not recognizing her good work, intentionally ridiculing her in the presence of her co-workers, stalking her directly or indirectly on a daily basis, not inviting her to work trainings and denying her of work trainings as a punishment, removal of crucial duties, giving her an unmanageable workload, making verbal and physical threats toward her, among others.

23. The unlawful employment practices complained of in Paragraphs 13-16 and 22 above were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

24. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

25. WHEREFORE, Plaintiff prays this Court enters an order against Defendant for:

i. lost wages/back pay;

ii. payment of front pay;

iii. payment for lost benefits, including, medical insurance;

iv. compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, physical personal injuries and humiliation, in an amount to be determined at trial;

v. prejudgment interest;

vi. costs and reasonable attorney's fees pursuant to 42 U.S.C.A. 2000e-5(k);

vii.    any other relief that the court deems appropriate.

## COUNT III

### Sex/Gender Retaliation

**(Violation of Title VII of the Civil Rights Act of 1994, as amended, 42 U.S.C. §2000e)**

26.    Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 16 and 22 of this Complaint.

27.    Defendant violated Title VII by disciplining, discriminating, harassing, and affecting Plaintiff's employment, and further retaliated in the manner described in paragraph 22 above, based on her engaging in the legally protected activity of making a discrimination complaints to Defendant (Edward Lowery [Department Director] & Karen Thompson [Human Resources]) and the EEOC.

28.    In particular, Mr. Cheney intentionally allowed Plaintiff's work to pile-up during her FMLA five (5) week leave to care for her father after the passing of her mother just weeks after she filed her EEOC Charge. In fact, when Plaintiff returned from her leave, Mr. Cheney made a point of punishing her for the work left undone during her absence. In particular, Mr. Cheney purposely pressured Plaintiff to catch-up with "her work" and harassed her verbally and by e-mail to the point that she was forced to defend herself. Further, Mr. Cheney used the pretext "pile-up workload" to denied Plaintiff the DOL training her male co-workers were approved to take in New Hamshire. When Plaintiff replied to Mr. Cheney's denial of training, he stated that she and Ms. Scraper could attend the training only if they were caught-up on their work. However, the work of the Project Coordinators is ongoing by the nature of the type work itself. After Plaintiff complained to her Director about the above situation, Mr. Cheney approved her

and Ms. Scraper to attend a different training in Atlanta, but purposely notified her with such short notice that she was not able to attend the same.

29. Plaintiff's discrimination complaints were not kept confidential by Defendant making her work environment intolerable since she was not only harassed and retaliated by Mr. Cheney, but also by the male Project Coordinators.

30. Defendant took no appropriate corrective action to stop the hostile, retaliatory and abusive work environment against Plaintiff allowing Mr. Cheney to continue his unlawful behavior.

31. Plaintiff alleges that Defendant's retaliation is evident by the temporal proximity of her discrimination/harassment complaints and the retaliatory actions taken by Mr. Cheney after the filing of said complaints.

32. The unlawful employment practices complained of in Paragraphs 13-16, 22, and 28 above were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

33. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

34. WHEREFORE, Plaintiff prays this Court enters an order against Defendant for:

i. lost wages/back pay;

ii. payment of front pay;

iii. payment for lost benefits, including, medical insurance;

iv. compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, physical personal injuries and humiliation, in an amount to be determined at trial;

v. prejudgment interest;

vi. costs and reasonable attorney's fees pursuant to 42 U.S.C.A. 2000e-5(k);

vii. any other relief that the court deems appropriate.

<u>PRAYER FOR JURY TRIAL</u>

WHEREFORE, Plaintiff prays a trial by jury on all allegations contained herein.

Respectfully submitted, this 22nd day of April, 2016

s/Raquel Fas Bravo
_____
Raquel Fas-Bravo, Esq.
Fla. Bar No. 0040981
The Law Office of Raquel Fas-Bravo
1880 N. Congress Ave. Suite 205
Boynton Beach, FL 33426
Tel: 561-755-2464
Fax: 561-200-5402
raquelfas@fasbravolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of April, 2016, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record on the Service List below and that the foregoing Complaint has been furnished via U.S. Mail and e-mail to Defendant's County Attorney, Denise Neiman, Esq., at 301 North Olive Avenue, 6th Floor West Palm Beach, Florida 33401 / dneiman@pbcgov.org.

                                                            s/Raquel Fas Bravo
                                                            _____
                                                            Raquel Fas Bravo, Esq.

## **SERVICE LIST**

Raquel Fas-Bravo
Florida Bar No. 0040981
E-mail: *raquelfas@fasbravolaw.com*
THE LAW OFFICE OF RAQUEL FAS-BRAVO
1880 N. Congress Ave., Suite 205
Boynton Beach, Fl 33426
Telephone:  (561) 755-2464
Facsimile:   (561) 200-5402
Attorney for Plaintiff,
NANCY PALILONIS


Denise Neiman
E-mail: *DNeiman@pbcgov.org*
Defendant's County Attorney
301 N. Olive Ave. 6th Floor
West Palm Beach, Fl 33401
Telephone:  (561) 355-3389
Facsimile:   (561) 355-4398
Attorney for Defendant,
PALM BEACH COUNTY, ET AL.